## Case No. 16,507.

UNITED STATES v. THREE HUNDRED
AND TWENTY–SIX CASES OF HO-
SIERY, MARKED H & V. & T. S.

[N. Y Times, Nov. 22, 1861.]

District Court, S. D. New York. Nov. 20, 1861.

VIOLATION OF CUSTOMS LAWS — FORFEITURES —
FRAUDULENT INVOICE—FOREIGN CURRENCY.

[Claimants purchased merchandise in Sax-
ony, which was invoiced in Prussian thalers,
whose value is fixed by our statutes at 69 cents
each. The goods were sent to Bremen, where
claimants' correspondents made new invoices,
stating the value in Prussian thalers and also
in Bremen thalers, which are valued by our
statutes at 71 cents, and the entry was made
by transmuting the value of the Bremen thalers
at this rate into currency of the United States;
the claimants swearing that this Bremen in-
voice was the true and only invoice received by
them. There was evidence tending to show that
the real value of the Bremen coin was 78¼
cents, and that the transmutation from Prus-
sian thalers was made at that rate, and that
the goods were by this means entered at much
less than their value according to the original
invoice, which claimants, in fact, had in their
possession. Held that, as the invoice by which
the entry was made stated the value in both
Prussian and Bremen thalers, there was no
fraud justifying a forfeiture.]

This was an action to forfeit the goods on
the ground of an alleged fraudulent extension
of the invoice by the claimants, with intent to
evade the payment of duties. Henschen &
Unkart, the claimants, are importers, doing
business here, and imported these goods, in
value about $30,000, in the latter part of 1857
and the early part of 1858. They purchased
the goods at Stollberg, near Chemintz, in the
kingdom of Saxony. The currency there is
Prussian thalers, whose value is fixed by our
statutes at 69 cents each. The goods were
sent from Saxony to Bremen, and thence to
the United States. At Bremen their corre-
spondents made out new invoices, stating the
value of the goods in Prussian thalers, which
they transmuted into Bremen thalers of 72
grotes, and these new invoices were presented
by the claimants to the collector on making
entry of the goods here, making oath that
these were the true and only invoices by them
received. They had, however, at the time in
their possession invoices made out and fur-
nished to them by the person in Stollberg
from whom they had purchased.

Our statute fixes the value of the Bremen
thaler of 72 grotes at 71 cents, and the value
of the goods in the invoices on which the en-
try was made was carried out into federal cur-
rency at that rate. Evidence was given, how-
ever, to show that the real value of the Bre-
men thaler of 72 grotes was 78¾ cents, and
that the transmutation from Prussian thalers
in the invoice was made at that rate, and
that by this means the claimants were en-
abled to enter the merchandise at some $1,800
less value than if the entry had been made on
the invoices which stated the value in Prus-
sian thalers, on which difference the duty
amounted to $104.79.

The government claimed that this extension
of the invoice was such a one that if the jury
found that it was done with intent to evade
the payment of the duties, the goods were for-
feited, and claimed that that question should
be passed upon by the jury.

Messrs. Allen, Craig, and Webster, for the
United States.

O'Conor & Dunning, for claimants.

THE COURT [SHIPMAN, District Judge],
however, held that whether the claimants
were bound to have produced the original
Saxony invoices was simply a question of law,
and as the invoices which they did produce
contained the value in Prussian thalers as
well as in Bremen thalers, held that the gov-
ernment could not recover. The jury accord-
ingly found for the claimants.